J-S56038-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| YOMMIL DEJESUS-KITCHEN | : | |
| | : | |
| Appellant | : | No. 3161 EDA 2018 |

Appeal from the PCRA Order Entered November 14, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010103-2015

BEFORE:  PANELLA, P.J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED APRIL 08, 2020**

Yommil DeJesus-Kitchen appeals from the order that dismissed his timely first Post Conviction Relief Act[1] (PCRA) petition seeking relief from his guilty plea to one count each of involuntary deviate sexual intercourse (IDSI) and false imprisonment graded as a second-degree felony.[2]  Appellant argues that the PCRA court erred in dismissing his claims regarding (1) the weight and sufficiency of the evidence supporting his guilty plea, (2) an aggravated

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 3121(a)(1) and 18 Pa.C.S. § 2903, respectively.  Although the criminal complaint contained a charge of false imprisonment graded as a second-degree felony, a list of charges accompanying his plea and the public docket referred to a subsection that graded the offense as a first-degree misdemeanor.  **Compare** 18 Pa.C.S. § 2903(a) (defining general offense as a second degree misdemeanor) **with** 18 Pa.C.S. § 2903(b) (defining "[f]alse imprisonment of a minor where offender is not victim's parent" as a second degree felony).  This apparent typographical error in the list of charges and docket is not relevant to this appeal.

range sentence, (3) plea counsel's ineffective assistance, which induced Appellant to enter an unknowing, unintelligent, and involuntary guilty plea, (4) prior PCRA counsel's failure to file a Pa.R.A.P. 1925(b) statement, and (5) plea and PCRA counsel's failure to investigate witnesses. Following a prior remand to clarify the record, we affirm.

On September 6, 2015, the Philadelphia Police Department filed a criminal complaint charging Appellant with numerous sexual offenses in the instant case.[3] Appellant also had an open case for aggravated assault and possession of a firearm in CP-51-CR-0008666-2015 (8666-2015). Furthermore, Appellant was on probation in a prior case at CP-51-CR-0010593-2014 (10593-2014).

Appellant was represented by plea counsel, Andrew Montroy, Esq. (plea counsel), and proceeded to a guilty plea and sentencing hearing on April 12, 2016, on all three cases. In the instant case, Appellant completed a Spanish-language plea colloquy form indicating his agreement to a negotiated guilty

_____

[3] According to the affidavit of probable cause, on July 11, 2015, Appellant approached the complainant witness (c/w), a minor female, who was acquainted with Appellant through her family. Specifically, Appellant "forced c/w into his vehicle. [Appellant] drove the c/w to the field area behind [a school]. While inside of the vehicle . . . forced the c/w to perform oral sex on him until the point of ejaculation, inside of the c/w's mouth." Aff. of Probable Cause, 9/6/15, at 1.

plea to IDSI and false imprisonment with a recommended sentence of eight

to sixteen years' imprisonment followed by ten years' probation.[4]

_____

[4] The PCRA court stated that the written plea colloquy was "the Spanish version of the standard plea colloquy form" and contained acknowledgements that Appellant knowingly, voluntarily, and intelligently offered his plea, nobody promised him or threatened him to plead guilty, and Appellant's decision to plead guilty was his own. PCRA Ct. Op., 5/2/19, at 5 n.2. The written guilty plea colloquy, which was typed and contained what appeared to be plea counsel's handwriting in the underlined portions, stated as follows:

> Admito que cometí el (los) delitos (cargos) de <u>IDSI—F1, False imprisonment—F2</u>, y quiero declararme culpable. Mi abogado me explicó los elementos del crimen que el fiscal tiene que probar para me puede condenar. . . .
>
>         \*     \*     \*
>
> Nadie me ha hecho ninguna promesa alguna, amenaza alugna o me ha obligabo a declararme culpable. Yo he decidido declararme culpable. . . .
>
>         \*     \*     \*
>
> No hay acuerdo o arreglo mutuo para un convenio declaratorio except lo prometido por el fiscal:
>
> > Prometió recomendat una sentence minima de <u>8</u> (meses/años) y una sentencia máxima de <u>16</u> (meses/años). <u>Followed by 10 years probation. Concurrent to CP#8666-2015</u>
>
>         \*     \*     \*
>
> Estoy satisfecho con el servicio y los consejos que he recibido de mi abogado. he tenido tiempo suficiente para hablar con mi abogado sobre el caso y el ha tomado tiempo suficiente para trabajar en el mismo. Mi abogado dejó que yo hiciera la decision final en cuanto a declararme culpable, y yo solo tomé la decision de declararme culpable.
>
>         \*     \*     \*

At the plea and sentencing hearing, an interpreter was present, and the parties engaged in the following on-the-record colloquy:

[Plea Counsel]: Okay.

Judge, if you can give me one second to explain this, just for the Megan's Law. I just gotta give it to him. They just passed it over, okay.

\*     \*     \*

THE COURT: He's okay, then. I'll tell him. He knows what he's getting?

[Plea Counsel]: Sure.

THE COURT: He knows, right?

Okay.

Sir, did you go over that form with your attorney? You understand your rights you're giving up and the form and did you sign the form?

[Appellant]: Yes.

THE COURT: Okay. You understand you're giving up your right to a trial by jury, right?

[Appellant]: Yes.

---

He eschuchado los hechos del caso. Me han explicando el crimen y los elementos del mismo. Yo cometí el delito y pro eso es que me estoy declarando cupable.

\*     \*     \*

Al declararme culpable renuncio al derecho de defenderme contra las acusaciones que hay en mi contra. . . . .

Written Plea Colloquy, 4/12/16, at 1, 3. Appellant has not identified any defects in this colloquy form.

- 4 -

THE COURT: And once you plead guilty and you're sentenced you're left with only four issues you could raise on appeal.

First, is jurisdiction. I have that.

Second, is the legality of the sentence, but I'll sentence you with the legal boundaries to this agreed upon sentence.

Third, is voluntarily. So, are you doing this of your own free will?

[Appellant]: Yes.

THE COURT: Okay. First is are you satisfied with your attorney?

[Appellant]: Yes.

THE COURT: Okay.

Commonwealth will ask you to agree to all the facts and all the police reports.

And mark and move them into evidence now.

- - -

(COMMONWEALTH'S EXHIBIT C-1 facts and all police reports moved into evidence.)[5]

THE COURT: Will you agree with all those facts?

[Appellant]: Yes.

THE COURT: Okay.

Counsel, does he need to hear any facts?

[Plea Counsel]: No, Judge. I've already explain [sic] all the facts. We've been through them all.

N.T., 4/12/16, at 6-8. At the conclusion of the hearing, the trial court accepted the negotiated plea and sentenced Appellant to the agreed-upon sentences in the instant case, in 8666-2015, and on the violation of probation in 10593-

---

[5] Commonwealth's exhibit C-1 from the plea hearing is not contained in the record.

2014. The Commonwealth emphasized that Appellant's probationary sentence was "State Sex Offender probation." *Id.* at 9. When the trial court attempted to have Appellant sign a notification of his sexual offender registration requirements, Appellant was unable to do so because the form was in English. *Id.* at 10-11. Plea counsel stated that he previously explained the sexual offender registration requirements to Appellant. *Id.* at 9.

Appellant did not file a post-sentence motion or a direct appeal, but timely filed a *pro se* PCRA petition in all three cases. The PCRA court appointed Mark Wayne Franklin Adams, Esq. (prior PCRA counsel), to represent Appellant. Prior PCRA counsel entered an appearance on May 16, 2017, but subsequently filed a motion to withdraw and a *Turner/Finley*[6] letter, a copy of which was docketed and filed in this case.

The PCRA court asserts that "due to a scheduling error, th[e instant PCRA matter] was listed separately from [the PCRA petitions in 8666-2015 and 10593-2014], which were formally dismissed on March 13, 2018." PCRA Ct. Op., 5/2/19, at 1-2. Although a Pa.R.Crim.P. 907 notice of intent to dismiss was not filed in the instant case, the record contains Appellant's March 22, 2018 *pro se* response, which was docketed on that same date.

In his *pro se* response, Appellant argued that the trial court failed to conduct a proper colloquy during the guilty plea hearing. Resp. to Notice to Dismiss, 3/22/18, at 2. Appellant also alleged that he believed he was

---

[6] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

pleading guilty to the charges in 8666-2015 and did not know his plea included a plea to any of the charges in the instant case. *Id.* at 3. Appellant did not claim he was unaware of the factual basis of the IDSI and false imprisonment charges. Instead, Appellant asserted that he informed plea counsel of possible witnesses, Laura Isaac, Glorian Traverson, and Luis Vasquez, who would testify as to his actual innocence, or testify "against the Commonwealth's theories regarding the sexual abuse charge." *Id.* at 3. Appellant claimed that he was frustrated that plea counsel did not investigate his witnesses, and that he still intended to proceed to trial. *Id.*

Appellant also asserted that plea counsel assured him that he was only pleading guilty to the aggravated assault and firearm charges in his other case and not the instant case. *Id.* at 3-5. Appellant identified Ruben Cotto as the individual who translated Appellant's discussions with plea counsel before the hearing. *Id.* at 4. According to Appellant, Isaac and Cotto would testify that plea counsel told them that Appellant's plea did not include sexual offenses. *Id.* Appellant also referred to affidavits by Isaac and Cotto as exhibits B and C to his response, respectively. However, it is not clear that the PCRA court received the affidavits. *See* PCRA Ct. Op., 1/2/20, at 2-3.

Additionally, Appellant indicated that prior PCRA counsel was ineffective for failing to consult with him. Resp. to Notice to Dismiss, 3/22/18, at 1-2. Appellant claimed that prior PCRA counsel did not appreciate that Appellant's claims required consideration of his off-the-record discussions with Isaac, Cotto, and plea counsel that induced him to plead guilty in the instant case.

*Id.* Appellant also asserted that a language barrier prevented him from communicating with prior PCRA counsel. *Id.* at 2.

On May 1, 2018, Appellant wrote the PCRA court inquiring about the status of his case. On September 13, 2018, the PCRA court held a video conference. The PCRA court issued a Rule 907 notice on September 13, 2018, and a second Rule 907 notice on October 12, 2018, but did not address prior PCRA counsel's motion to withdraw.

Appellant filed a *pro se* notice of appeal in this Court on October 25, 2018,[7] which this Court forwarded to the PCRA court. The PCRA court's docket contains an entry for November 14, 2018, indicating that the PCRA court

_____

[7] Although Appellant prematurely filed his notice of appeal from the PCRA court's Rule 907 notice, the PCRA court subsequently dismissed the petition. Therefore, we will not quash this appeal. *See* Pa.R.A.P. 905(a)(5) (stating that "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof"); *see also Commonwealth v. Swartzfager*, 59 A.3d 616, 618 n.3 (Pa. Super. 2012) (accepting a premature notice of appeal filed after the entry of a Rule 907 notice but before the entry of a final order dismissing a PCRA petition). We add that we will accept Appellant's *pro se* notice of appeal even though he was technically represented by prior PCRA counsel when he filed it. *See Commonwealth v. Williams*, 151 A.3d 621, 624 (Pa. Super. 2016).

We also acknowledge that the Pennsylvania Supreme Court held that in cases filed after June 1, 2018, separate notices of appeal must be filed when a single order resolves issues arising on more than one lower court docket. *See Commonwealth v. Walker*, 185 A.3d 969, 977 (Pa. 2018). However, Appellant's *pro se* notice of appeal listed the docket number of the instant case alone and was filed from a separate order dismissing the petition in this case. Therefore, the failure to file separate notices of appeal in 8666-2015 and 10593-2014 does not require quashal of the instant appeal.

- 8 -

dismissed Appellant's petition, although a copy of the order is not contained in the record.

On January 11, 2019, this Court remanded the matter to PCRA court to determine the status of prior PCRA counsel. On January 22, 2019, the PCRA court granted prior PCRA counsel's motion to withdraw. On February 25, 2019, the PCRA court issued an order requiring Appellant to file and serve a Pa.R.A.P. 1925(b) statement. The February 25, 2019 order advised Appellant of the requirement that a Rule 1925(b) statement must be filed within twenty-one days and cautioned Appellant that the failure to comply could result in waiver.

On March 25, 2019, private counsel, Douglas L. Dolfman, Esq. (present counsel) entered an appearance on Appellant's behalf. Present counsel filed a Rule 1925(b) statement on April 4, 2019.

On November 6, 2019, this Court remanded this matter for a clarification or correction of the record.[8] Specifically, we asked the PCRA court to determine (1) whether Appellant properly filed his petition in the case; (2) whether there was a breakdown excusing present counsel's facially untimely Rule 1925(b) statement; and (3) whether the exhibits referenced in Appellant's response to the Rule 907 notice could be located.

---

[8] The caption of the November 26, 2019 memorandum referred to the order of February 25, 2019. However, this appeal properly lies from the order of November 14, 2018, dismissing Appellant's PCRA petition, *see* Pa.R.A.P. 905(a)(5), and we have corrected the caption in this memorandum.

- 9 -

The PCRA court responded on January 2, 2020. The PCRA court concluded that (1) although Appellant's *pro se* PCRA petition was not included in the certified record, Appellant timely filed his *pro se* PCRA petition in this case; (2) there was a breakdown excusing the untimely filing of the Rule 1925(b) statement; and (3) it was unclear whether Appellant actually submitted his exhibits to the PCRA court. PCRA Ct. Op., 1/2/20, at 1-3. The PCRA court added that even if it considered Appellant's claims based on the exhibits, no relief was due because Appellant's allegations could not have overcome the record evidence showing Appellant's plea was knowing intelligent and voluntary. *Id.* at 4.

On appeal, Appellant presents a single question: "Did the [PCRA] court err by dismissing Appellant's petition for post-conviction relief?" Appellant's Brief at 7 (some capitalization omitted).

Appellant also outlines a summary of four issues, which we reproduce as follows:

1. The trial judge erred as a matter of law by allowing a verdict to stand that was against the weight and sufficiency of the evidence and giving an aggravated sentence w[e]ll in excess of what was merited based on mitigated evidence.

2. Trial counsel was ineffective in representing the defendant by failing to file and litigate any motion and that the on the record colloquy of the defendant's plea of guilty was defective causing the defendant to be coerced into pleading guilty

3. [Prior PCRA counsel] was ineffective for failing to file a 1925(b) statement and abandoning the petitioner during his representation, as well as failing to investigate any witnesses in this case who would have been helpful to the defense.

- 10 -

> 4. That trial counsel and PCRA counsel were ineffective in failing to properly investigate witnesses such as Laura Is[a]ac and Ruben Cotto who would have brought verifiable testimony in defense of the petitioner's claim of innocence.

*Id.* at 10. Appellant restates each of these issues as a heading for four separate arguments. Primarily, Appellant's brief asserts that the PCRA court erred by refusing to consider his claims that plea counsel was ineffective based on the written colloquy and the oral colloquy conducted at the combined plea and sentencing hearing.[9] *See id.* at 11-12, 13 (citing *Commonwealth v. Flanagan*, 854 A.2d 489, 513 (Pa. 2004), among other cases).

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted).

To establish a claim of ineffective assistance of counsel, a petitioner "must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Turetsky*, 925 A.2d 876, 880 (Pa. Super. 2007) (citation omitted).

Counsel is presumed effective, and the burden is on the petitioner to prove all three of the following prongs: "(1) the underlying claim is of arguable

---

[9] Appellant does not develop arguments challenging the sentence or the sexual offender registration requirements. *See* Appellant's Brief at 11.

merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." *Id.* (citation omitted); *see also Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009). It is well settled that "[c]ounsel cannot be deemed ineffective for failing to pursue a meritless claim." *Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*) (citation omitted).

"An attempt to withdraw a plea of guilty after sentencing will only be granted where the defendant is able to show that his plea was the result of manifest injustice." *Commonwealth v. Holbrook*, 629 A.2d 154, 158 (Pa. Super. 1993) (citations omitted). "Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily." *Commonwealth v. Broaden*, 980 A.2d 124, 129 (Pa. Super. 2009) (citation omitted). "Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused [the defendant] to enter an involuntary or unknowing plea." *Commonwealth v. Allen*, 732 A.2d 582, 587 (Pa. 1999) (citation omitted). "In order to make a knowing and intelligent waiver, the individual must be aware of both the nature of the right and the risks and consequences of forfeiting it." *Commonwealth v. Houtz*, 856 A.2d 119, 122 (Pa. Super. 2004) (citation omitted). "To determine a defendant's actual knowledge of the implications and rights associated with a guilty plea, a court is free to consider the totality of the circumstances surrounding the plea." *Allen*, 732 A.2d at 588-89.

Further, a "valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." ***Commonwealth v. Reid***, 117 A.3d 777, 782 (Pa. Super. 2015) (citation omitted). "Furthermore, nothing in [Pa.R.Crim.P. 590] precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings." ***Commonwealth v. Bedell***, 954 A.2d 1209, 1212-13 (Pa. Super. 2008) (citation omitted); ***see also*** Pa.R.Crim.P. 590 cmt. "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa. Super. 2003) (citation omitted).

Instantly, having reviewed the record, Appellant's argument, and the relevant legal principles, we find no basis to disturb the PCRA court's dismissal of Appellant's PCRA petition. Initially, Appellant's brief fails to develop any meaningful arguments referring to the specific circumstances of this case. ***See*** Appellant's Brief at 11-13. Appellant cites ***Flanagan*** for the general proposition that a plea colloquy does not preclude consideration of ineffectiveness claims. However, Appellant fails to develop any specific claim based on the three-prong test for ineffectiveness based on all three prongs. ***See id.***; ***see also Turetsky***, 925 A.2d at 880. Therefore, we could find

- 13 -

Appellant's claims waived based on a defective brief. *See* Pa.R.A.P. 2119(a);

***Commonwealth v. Kane***, 10 A.3d 327, 331 (Pa. Super. 2010).

In any event, we agree with the PCRA court that Appellant's threshold claim that he unknowingly pled to the charges in the instant case lacks merit. The written plea colloquy was in Spanish and an interpreter was present at the in-court colloquy. *See* PCRA Ct. Op., 5/2/19, at 5 & n.2; Written Plea Colloquy, 10103-2015, 4/12/16, at 1-3; N.T., 4/12/16, at 4. The written colloquy indicated that Appellant was pleading guilty to "IDSI" and "false imprisonment" graded as a second-degree felony. *See* Written Plea Colloquy, 4/12/16, at 1. Moreover, the written colloquy stated the Commonwealth would recommend a sentence concurrent to Appellant's case in 8666-2015. ***See id.*** At the combined plea and sentencing hearing, plea counsel represented that he previously reviewed the "Megan's Law" registration requirements with Appellant. *See* N.T., 4/12/16, at 10.

Based on the totality of these circumstances, the PCRA court properly concluded that Appellant knowingly, intelligently, and voluntarily pled guilty to the sexual offenses in the present case. ***See Allen***, 732 A.2d at 588-89. Because the record supports the PCRA court's determinations that no manifest injustice occurred, Appellant's claims that plea counsel deceived him or failed

to investigate witnesses did not establish a basis for PCRA relief.[10]  **See**

**Holbrook**, 629 A.2d at 158.

To the extent Appellant asserts that prior PCRA counsel was ineffective,

it is well settled that PCRA counsel is not ineffective for failing to develop

frivolous claims.  **See Loner**, 836 A.2d at 132.  Furthermore, although prior

PCRA counsel failed to file a Rule 1925(b) statement, no prejudice has

resulted.  Accordingly, Appellant's claims of ineffective assistance of PCRA

counsel merit no relief.

In sum, Appellant has not shown a reversible error of law or abuse of

discretion in the PCRA court's decision to dismiss the PCRA petition challenging

Appellant's guilty plea in this case.  Accordingly, we must affirm.  **See Ousley**,

21 A.3d at 1242.

Order affirmed.

_____

[10] Additionally, as to Appellant's passing reference to the "weight and sufficiency of the evidence" and "the giving of an aggravated sentence in excess of what was merited based on mitigated evidence," Appellant's Brief at 10, such claims are frivolous.  Appellant entered a negotiated guilty plea and the primary issue is whether Appellant's plea was knowing, intelligent, and voluntary under the totality of the circumstances.  **See** 42 Pa.C.S. § 9543(a)(2); **Allen**, 732 A.2d at 587.  Furthermore, if the negotiated plea is valid, Appellant cannot challenge the discretionary aspects of the sentence because he received the agreed-upon sentence.  **See Commonwealth v. Tirado**, 870 A.2d 362, 365 n.5 (Pa. Super. 2005).

To the extent that Appellant contends the trial court's plea colloquy was defective or that plea counsel should have litigated "motions," Appellant has not developed any argument as to what type of motions plea counsel should have filed.  Therefore, we are constrained to find waiver of claim.  **See** Pa.R.A.P. 302(a), 2119(a); **Kane**, 10 A.3d at 331.

President Judge Panella joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/8/20